UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BEULAH MCLEOD
    Plaintiff

vs

PREMIER BANK CARD
    Defendant

Case No

Judge

CV16 1670

KUNTZ, J.

POLLAK, M.J.

RECEIVED APR 4 - 2016 PRO SE OFFICE

Trial by Jury Demanded

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is BEULAH MCLEOD, a natural person, who resides in Queens County, New York..

4. The Defendant in this lawsuit is PREMIER BANK CARD INC an unknown entity with offices at 3820 N. LOUISE AVENUE STE SIOUX FALLS, SD 57107.

### VENUE

5. The occurrences which give rise to this action occurred in Queens County, NY and Plaintiff resides in Queens County, NY.

1

6. Venue is proper in the EASTERN DISTRICT OF NEW YORK.

## GENERAL ALLEGATIONS

7. Plaintiff pulled Plaintiff's consumer credit reports from the three major credit reporting agencies and found entries by entities that Plaintiff was unfamiliar with in the reports.

8. Plaintiff determined that Plaintiff's consumer credit report had been pulled on various occasions by various entities she did not recognize and without her consent.

9. Plaintiff found after examination of Plaintiff's EXPERIAN consumer credit report that Defendant PREMIER BANKCARD, INC had pulled Plaintiff's EXPERIAN consumer credit report in April 13, 2015.

10. Discovery of violation brought forth herein occurred in March 2016 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NON-COMPLIANCE BY DEFENDANT PREMIER BANKCARD, INC

11. Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. EXPERIAN is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes

application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant PREMIER BANKCARD, INC.

18. At no time did Plaintiff give her consent for Defendant PREMIER BANKCARD, INC

   to acquire her consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

> (2) the term "account" means a demand deposit, savings deposit, or other asset account <u>(other than an occasional or incidental credit balance in an open end credit plan</u> as <u>defined in section 103(i) of this Act),</u> as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20. <u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u> but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

21. On April 13, 2015 Defendant PREMIER BANKCARD, INC obtained the EXPERIAN consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. §1681b. Plaintiff has no idea or indication as to what possible alleged account PREMIER BANKCARD, INC could claim to have with Plaintiff and is positive Plaintiff had no account with PREMIER BANKCARD, INC which would come under the definition of account in the FCRA in regard to permissible purpose.

22. The action of Defendant PREMIER BANKCARD, INC obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a

3

violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

Wherefore, Plaintiff demands judgment for damages against Defendant, PREMIER BANKICARD, INC., for statutory damages of $1000.00, punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: 03/28/2016

Respectfully submitted,

*Beulah Mcleod*

Beulah Mcleod

110-15 34th Avenue

Corona, New York 11368

Sankofa669@outlook.com

Beulahmceod110@gmail.com

4

SERVICE TO:

PREMIER BANKCARD, INC

3820 N. LOUISE AVENUE

SIOUX FALLS, SD 57107

800-987-5521